UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MIMI'S SWEET SHOP, INC. ®,

    Plaintiff,

v.

CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY, STEVEN M. HAYWARD, MICHAEL G. EYDE, EASTWOOD LLC, TOWNEAST LLC, TOWNEAST PARKING LLC,

    Defendants.

Case No: 1:18-cv-000337-JTN-ESC

Hon. Janet T. Neff,
District Court Judge

**DEFENDANT CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY'S PRE-MOTION CONFERENCE REQUEST FOR ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

**\*Oral Argument Requested\***

---

Jacob A. Perrone (P71915)
PERONNE LAW, P.C.
Attorneys for Plaintiff
221 W. Lake Lansing Rd., Ste. 200
East Lansing, MI 48823
(517) 351-0332
jacob@perronelawpc.com


Michael F. Matheson (P52997)
MATHESON LAW FIRM
Attorneys for Defendants Eyde, Eastwood, LLC, Towneast LLC, and Towneast Parking LLC
200 Woodland Pass, Suite F
East Lansing, MI 48823
(517) 993-6699
Michael@mathesonlawfirm.com

Thomas R. Meagher (P32959)
Liza C. Moore (P72240)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendant Charter Township of Lansing Downtown Development Authority
313 S. Washington Square
Lansing, MI 48933
(517) 371-8161
tmeagher@fosterswift.com
lmoore@fosterswift.com

Craig R. Noland (P30717)
Amanda M. Zdarsky (P81443)
MCGRAW MORRIS P.C.
Attorneys for Defendant Hayward
300 Ottawa Ave., N.W., Suite 820
Grand Rapids, MI 49503
(616) 288-3700
cnoland@mcgrawmorris.com
azdarsky@mcgrawmorris.com

**DEFENDANT CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY'S PRE-MOTION CONFERENCE REQUEST FOR ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Defendant Charter Township of Lansing Downtown Development Authority ("the DDA") submits its Pre-Motion Conference Request for its Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) and states as follows:

1. Plaintiff's Amended Complaint contains eleven separate counts. (Dk. 2, Amended Complaint, ¶¶ 43-109). Plaintiff alleges that that counts one through six are Racketeer Influenced and Corrupt Organizations Act ("RICO") counts. (Dk. 2, heading above paragraph 43, ¶¶ 43-46). However, count one alleges "illegal delegation of duty" under the Michigan and United States Constitutions (Dk. 2, ¶¶ 47-50), counts two through four allege that Defendants violated various federal criminal statutes (Dk. 2, ¶¶ 51-71), count five cites the "Sherman Anti-Trust Act" (Dk. 2, ¶¶ 72-81), and count six alleges a violation of the "Interstate Land Sales Act" (Dk. 2, ¶¶ 82-86). Counts seven and eight cite RICO. (Dk. 2, ¶¶ 87-95).

2. Regardless, all of Plaintiff's RICO claims against the DDA fail as a matter of law because "a municipal corporation cannot form the requisite criminal intent and cannot be held liable under the civil RICO laws." *County of Oakland by Kuhn v. City of Detroit*, 784 F. Supp. 1275, 1283 (E.D. Mich. 1992) (dismissing RICO claims against the defendant city).

3. Plaintiff's RICO claims also fail as a matter of law because Plaintiff did not plead the elements of a RICO claim. "[T]o state a RICO claim, [Plaintiff] must plead the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (affirming dismissal of RICO claim) (quotation omitted). "In order to establish 'racketeering activity' the plaintiffs must allege a predicate act". *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (affirming dismissal of RICO claims) (quotation omitted).

Predicate acts of fraud must be pled with particularity to satisfy Fed. R. Civ. P. 9(b), including, at a minimum, the time, place, and content of the alleged misrepresentations. *Id*. at 322.

4. To highlight a few of the failings of Plaintiff's RICO claims, Plaintiff's allegations of "illegal delegation of duty" under the Constitutions (count one), violation of the "Sherman Anti-Trust Act" (count five), and violation of the "Interstate Land Sales Act" (count six), cannot serve as predicate acts under RICO because they are not listed in 18 U.S.C. § 1961(1). Plaintiff has not satisfied the pleading requirements of Fed. R. Civ. P. 9(b) with respect to its other attempts to state predicate acts, and has not pled a "pattern of racketeering activity" as required by 18 U.S.C. § 1961(5). Plaintiff will be unable to show injury to its "business or property by reason of a violation of section 1962", a statutory prerequisite to a RICO action. 18 U.S.C. § 1964(c).

5. All of Plaintiff's claims alleging violations of federal criminal statutes fail as a matter of law because these federal criminal statutes do not give Plaintiff a private cause of action. See, e.g., *Moralez v. Moore*, No. 17-10567, 2018 U.S. Dist. LEXIS 46208, *12-13 (E.D. Mich. Mar. 21, 2018) (unpublished) (dismissing claims under 18 U.S.C. 1951); *Deasy v. Louisville & Jefferson County Metro. Sewer Dist*., 47 Fed. Appx. 726, 728 (6th Cir. 2002) (unpublished) ("Mail fraud is a criminal offense for which there is no private right of action."). (See Dk. 2, Counts 2 and 3, ¶¶ 1, 51-56, citing 18 U.S.C. § 1951; Counts 3 and 4, ¶¶ 1, 54-71, citing 18 U.S.C. § 1341 *et seq*.; ¶ 1, citing 18 U.S.C. § 666; and ¶ 1, citing 18 U.S.C. §§ 1956-1957). Also, the DDA cannot have the criminal intent to be held liable.

6. Plaintiff's claim under the "Interstate Land Sales Act," 15 U.S.C. § 1701 *et seq*. (Dk. 2, ¶ 1 and Count 6, ¶¶ 82-86) fails as a matter of law because Plaintiff was leasing space in a building. (See Dk. 4, Lease Agreement attached to the Amended Complaint, Article 1.1(d) and

Lease Agreement Exhibit A, Pg ID 56 and 85).  The law does not apply to the lease of space in a building.  15 U.S.C. § 1702(a)(2).  See also 15 U.S.C. § 1702(a)(1) and (8).

7. Plaintiff's conclusory claim under the Sherman Act titled "Price Fixing" also fails as a matter of law.  (Dk. 2, Count 5, ¶¶ 1, 72-81).  Plaintiff failed to plead the elements of any antitrust claim.  Although Plaintiff's Amended Complaint is twenty-five pages long, it is filled with conclusory allegations as opposed to factual allegations.  In addition, Plaintiff cannot recover monetary antitrust damages from an entity like the DDA.  15 U.S.C. §§ 35(a), 36(a).

8. Plaintiff also fails to plead any claim under the United States Constitution.  (Dk. 2, Count 1, ¶¶ 47-50).  For example, Plaintiff appears to be seeking damages (Dk. 2, ¶ 50), but does not even cite 42 U.S.C. § 1983.

9. Counts nine, ten, and eleven allege only state law claims.   (Dk. 2, ¶¶ 96-109).  Count one also cites the Michigan Constitution.  (Dk. 2, ¶¶ 47-50).  The Court should decline to exercise supplemental jurisdiction over these state law claims.  28 U.S.C. § 1367(c).

WHEREFORE, Defendant Charter Township of Lansing Downtown Development Authority requests that this Honorable schedule a Pre-Motion Conference and set a briefing schedule for this Defendant's motion to dismiss.

    Respectfully submitted,

    FOSTER, SWIFT, COLLINS & SMITH, P.C.
    Attorneys for Defendant Charter Township of Lansing
    Downtown Development Authority

Dated:  May 23, 2018    By:   /s/ Thomas R. Meagher
    Thomas R. Meagher (P32959)
    Liza C. Moore (P72240)
    313 S. Washington Square
    Lansing, MI 48933
    (517) 371-8161
    tmeagher@fosterswift.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MIMI'S SWEET SHOP, INC. ®, <br><br>    Plaintiff, <br><br> v. <br><br> CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY, STEVEN M. HAYWARD, MICHAEL G. EYDE, EASTWOOD LLC, TOWNEAST LLC, TOWNEAST PARKING LLC, <br><br>    Defendants. | Case No: 1:18-cv-000337-JTN-ESC <br><br> Hon. Janet T. Neff, <br> District Court Judge <br><br> **CERTIFICATE OF SERVICE** |

| | |
|---|---|
| Jacob A. Perrone (P71915) <br> PERONNE LAW, P.C. <br> Attorneys for Plaintiff <br> 221 W. Lake Lansing Rd., Ste. 200 <br> East Lansing, MI 48823 <br> (517) 351-0332 <br> jacob@perronelawpc.com <br><br> Michael F. Matheson (P52997) <br> MATHESON LAW FIRM <br> Attorneys for Defendants Eyde, Eastwood, LLC, Towneast LLC, and Towneast Parking LLC <br> 200 Woodland Pass, Suite F <br> East Lansing, MI 48823 <br> (517) 993-6699 <br> Michael@mathesonlawfirm.com | Thomas R. Meagher (P32959) <br> Liza C. Moore (P72240) <br> FOSTER, SWIFT, COLLINS & SMITH, P.C. <br> Attorneys for Defendant Charter Township of Lansing Downtown Development Authority <br> 313 S. Washington Square <br> Lansing, MI  48933 <br> (517) 371-8161 <br> tmeagher@fosterswift.com <br> lmoore@fosterswift.com <br><br> Craig R. Noland (P30717) <br> Amanda M. Zdarsky (P81443) <br> MCGRAW MORRIS P.C. <br> Attorneys for Defendant Hayward <br> 300 Ottawa Ave., N.W., Suite 820 <br> Grand Rapids, MI 49503 <br> (616) 288-3700 <br> cnoland@mcgrawmorris.com <br> azdarsky@mcgrawmorris.com |

1

2

      I hereby certify that on May 23, 2018, I electronically filed the ***Defendant Charter Township of Lansing Downtown Development Authority's Pre-Motion Conference Request for Its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)*** with the Clerk of the Court using the ECF system.

                By:     /s/ Thomas R. Meagher
                          Thomas R. Meagher (P32959)
                          Liza C. Moore (P72240)
                          Foster, Swift, Collins & Smith, P.C.
                          313 S. Washington Square
                          Lansing, MI 48933-2193
                          (517) 371-8161
                          tmeagher@fostersift.com