U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MIMI'S SWEET SHOP, INC.,

    Plaintiff,

v

CHARTER TOWNSHIP OF LANSING
DOWNTOWN DEVELOPMENT AUTHORITY;
STEVEN L. HAYWARD; MICHAEL G. EYDE;
EASTWOOD, LLC; TOWNEAST, LLC; and
TOWNEAST PARKING, LLC,

    Defendants.
_____/

Case No. 1:18-CV-337-JTN-ESC
Hon. Janet T. Neff

Jacob A. Perrone (P71915)
Perrone Law, P.C.
Attorneys for Plaintiff
221 W. Lake Lansing Road, Suite 200
East Lansing, MI 48823
(517) 351-0332
jacob@perronelawpc.com

Craig R. Noland (P30717)
Amanda M. Zdarsky (P81443)
McGraw Morris P.C.
Attorneys for Steven L. Hayward
300 Ottawa Avenue, N.W., Suite 820
Grand Rapids, MI 49503
(616) 288-3700
cnoland@mcgrawmorris.com
azdarsky@mcgrawmorris.com

Michael F. Matheson (P52997)
Matheson Law Firm
Attorneys for Towneast, LLC, Towneast
Parking, LLC, Eastwood, LLC and Michael G.
Eyde
200 Woodland Pass, Suite F
East Lansing, MI 48823
(517) 993-6699
michael@mathesonlawfirm.com
_____/

Thomas R. Meagher (P32959)
Foster Swift Collins & Smith PC
Attorneys for Charter Township of
Lansing Downtown Development
Authority
313 Washington Square
Lansing, MI 48933
(517) 371-8100
tmeagher@fosterswift.com

**TOWNEAST, LLC, TOWNEAST PARKING, LLC, EASTWOOD, LLC
AND MICHAEL G. EYDE'S REQUEST FOR PRE-MOTION CONFERENCE**

Defendants, Towneast, LLC and Towneast Parking, LLC (collectively "Towneast"), Eastwood, LLC ("Eastwood") and Michael G. Eyde ("Michael Eyde"), in accordance with this Court's Civil Practice Guideline IV(A)(1)(b), hereby submit this request for a Pre-Motion Conference. A Pre-Motion Conference would serve to evaluate the grounds for a motion to dismiss Plaintiff's Amended Complaint (PageID.26), pursuant to Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal* states Rule 8(a)(2) requires more than bare accusations and recitations to legal elements of a cause of action. As such, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. Plaintiff's Complaint fails to satisfy these basic requirements. The Complaint states numerous legal conclusions in the guise of factual allegations, with few to no direct connections made between "factual" allegations and Plaintiff's alleged injury.

When pleading a RICO claim (18 U.S.C. § 1961, *et seq.*), a plaintiff must allege (a) the conduct, (b) of an enterprise, (c) through a pattern, (d) of racketeering activity. *Paycom Billing Services, Inc. v. Payment Res. Int'l*, 212 F. Supp. 2d 732 (2002) (internal citations omitted). A "pattern of racketeering activity" consists of at least two predicate acts, *i.e.*, offenses enumerated in 18 U.S.C. § 1961(1) that occur within a ten-year period. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). The predicate acts must be related and amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Tel.*, 492 U.S. 229, 238 (1989). The Complaint falls short in many of these regards because it concerns a single alleged injury, against a single victim, under a single scheme, allegedly occurring from July 2015 (Plaintiff's Lease date), until Plaintiff's recent eviction for non-payment of rent, which will itself likely prompt a counterclaim from the landlord. Moreover, because of its eviction from the premises, Plaintiff cannot even show

the potential for any ongoing injury or criminal activity. Plaintiff's allegations do not constitute the pattern of conduct required to support a RICO claim. *Vemco, Inc. v. Camardella,* 23 F.3d 129, 135 (6th Cir. 1994). Under Plaintiff's misguided view, every unsuccessful business in the Heights, or anywhere else, could claim a RICO violation.

Furthermore, when a plaintiff relies upon fraud for the predicate act(s), like Plaintiff's mail and wire fraud claim, plaintiff must "state with particularity" the allegations regarding the predicate act(s). *Paycom Billing,* 212 F. Supp. 2d at 736, quoting Fed. R. Civ. P. 9(b). "At a minimum", this requires a plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud". *Id.* (internal citations omitted). This has been further interpreted to require the plaintiff to identify "*which* defendant caused *what* to be mailed . . . and *when* and *how* each mailing furthered the fraudulent scheme". *Id.* Plaintiff's Complaint is devoid of the specifics regarding the alleged mail/wire fraud and makes no discernible allegations in this regard against either Towneast, Eastwood or Michael Eyde. By intentionally blurring the lines between the parties and attempting to attribute one defendant's actions to all others, Plaintiff seeks to avoid the requirement to "show that the defendants conducted or participated in the conduct of the '*enterprise*' affairs, not just their *own* affairs." *VanDenBroeck v. Common Mortg. Co.,* 32 F. Supp. 2d 677, 684 (W.D. Mich. 1998). This is particularly true where the defendants have legitimate business reasons for undertaking their actions.

In its mail/wire fraud action, Plaintiff cites as an "example" of wrongdoing, undefined false statements made during a so-called "referenced time period", in "various marketing brochures", which were upon Plaintiff's "information and belief" sent to "potential and actual property investors in other states", "at various times each month during the Height's Period". See PageID.41, ¶ 63. These allegations do not show the "who, what, when and where" required by *Paycom* and related law to support a RICO claim.

3

Plaintiff's state contract and other federal claims are equally without merit. Count VI, "Interstate Land Sales Act", fails because the Act does not apply to, among other matters, (i) subdivisions with less than twenty-five (25) lots (the Heights Project, has less than ten (10) lots), or leases relating to improved land on which there is a residential, commercial, condominium, or industrial building. See 15 U.S.C. § 1702 (a)(1), (2) and (5).

Other counts to the Complaint are also factually and legally deficient, with some counts appearing to be included merely to buttress claimed federal jurisdiction. Counts II and III, which allege "Hobbes Act" violations, are not supported by any cognizable factual allegations of "robbery," "extortion" or "physical violations." See, 18 U.S.C. § 1951.

Also, Counts I and Count V, claiming an illegal delegation of authority, fail because Plaintiff cannot show that any policy-making or legislative authority has been delegated, or that a due process right has been violated. *BCBS v. Milliken*, 422 Mich. 1, 27; 367 N.W.2d 1 (1985). To assess the viability of a due process/unconstitutional delegation claim, the Plaintiff must "demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself." *Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776. Acting according to a private contract does not establish a governmental nexus. *Esco Group, Inc. v Mercantile Bank of Michigan,* No. 1:10-CV-1159, p 5 (W.D. Mich. January 10, 2012).

Additionally, Plaintiff entered into the Lease, which contains the following covenant:

> Landlord reserves the absolute right to effect such other tenancies . . . as Landlord in the exercise of its sole business judgment shall determine to best promote the interests of the Project or any of the interest of the Landlord in the Project. Tenant does not rely on the fact, nor does Landlord represent, that any specific lessee or mix, type or number of lessees shall, during the Term or any Renewal Term, occupy any space in the Project. [PageID.83, ¶ 12.26]

This provision shows that reliance by Plaintiff upon any statements regarding the type of development or tenant mix within the Heights Project would be unreasonable.

4

Respectfully submitted,

Dated: May 23, 2018

Michael F. Matheson (P52997)
Matheson Law Firm
200 Woodland Pass, Suite F
East Lansing, MI 48823
(517) 993-6699
Attorneys for Towneast, Eastwood and
Michael Eyde

5