# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

**MIMI'S SWEET SHOP, INC. ®,**

    **Plaintiffs,**

vs.

**CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY,**
**STEVEN M. HAYWARD,**
**MICHAEL G. EYDE,**
**EASTWOOD, LLC,**
**TOWNEAST, LLC,**
**TOWNEAST PARKING LLC,**

    **Defendants.**

*Docket No. 1:18-cv-00337-JTN*
*Hon. Janet T. Neff*

_____/

| | |
|---|---|
| *PERRONE LAW, P.C.*<br>Jacob A. Perrone (Mich Bar No. 71915)<br>*Attorney for Plaintiff*<br>221 W. Lake Lansing Rd. Ste. 200<br>East Lansing, MI 48823<br>(517) 351-0332<br>jacob@perronelawpc.com | Craig R. Noland (P30717)<br>Amanda M. Zdarsky (P81443)<br>Attorneys for Defendant Hayward<br>300 Ottawa Avenue, N.W., Suite 820<br>Grand Rapids, MI 49503<br>(616)288-3700/Fax (616) 214-7712<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com |
| Michael F. Matheson (P52997)<br>MATTHESON LAW FIRM<br>Attorneys for Defendants Eyde, Eastwood LLC,<br>Towneast LLC, and Towneast Parking LLC<br>200 Woodland Pass, Suite F<br>East Lansing, MI 48823<br>(517) 993-6699<br>michael@mathesonlawfirm.com | Thomas R. Meagher (P32959)<br>FOSTER SWIFT COLLINS & SMITH PC<br>Attorneys for Defendant Charter Township of<br>Lansing Downtown Development Authority<br>313 Washington Square<br>Lansing, MI 48933<br>(517) 371-8100<br>tmeagher@fosterswift.com |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANT TOWNEAST, LLC, TOWNEAST PARKING, LLC AND MICHAEL G. EYDE'S REQUEST FOR PRE-MOTION CONFERENCE



Page **1** of **7**

**WHEREFORE, Plaintiff**, Mimi's Sweet Shop, by and through their attorney Perrone Law, PC and Jacob A. Perrone, hereby submit this Response to Request for Pre-motion Conference.

Plaintiff requests that this Honorable Court decline to allow Defendant's to file a 12(b)(6) motion as premature. Plaintiff has already been contacted by other potential litigants and appropriate Discovery will more than likely lead to additional parties and additional individual defendants. Further, the Amended Complaint alleges sufficient facts to merit a RICO claim for the reasons stated resulting from the predicate acts appropriately alleged.

Plaintiff's claims alleging violations of federal criminal statutes provide the requisite "Pattern of Racketeering Activity", an issue that federal courts have struggled to define although the cases cited by the Defendant do not account for the substantial factual allegations contained in the Amended Complaint. "[A] concrete definition or precisely what activity will constitute a 'pattern' for purposes of the RICO statute has eluded the federal courts." *U.S. Textiles, Inc. v. Anheuser-Busch Cos.*, 911 F.2d 1261, 1266 (7th Cir. 1990) In *Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir. 1986) the Seventh Circuit identified six factors for courts to weigh in determining whether a complaint adequately alleges a pattern of unlawful conduct: (1) the number of predicate acts; (2) the variety of predicate acts; (3) the length of time over which the predicate acts were committed; (4) the number of victims; (5) the existence of separate schemes; and (6) the occurrence of distinct injuries. This approach was later adopted by the Sixth Circuit Court of Appeals in *Fleischhauer v. Feltner*, 879 F.2d 1290, 1297-98 (6th Cir. 1989) Plaintiff reserves a broader analysis of the pattern of unlawful conduct to a Motion for Summary Disposition after being given an opportunity for Discovery.

Defendant's assertion that the Complaint states numerous legal conclusions in the guise of factual allegations fails to account for the substantial facts plead setting the foundation for the RICO claim. While Defendant's argument that the Complaint does not represent closed ended continuity it is specifically alleged as it pertained to Plaintiff that the numerous acts alleged occurred between September 23, 2014 and March 1, 2018. It is anticipated that through appropriate discovery it is likely that additional parties and additional acts will necessitate amendment of the Complaint to allege a broader time period as was also alleged in Count 8 with Defendants conduct originating in 2011.



The Amended Complaint in the instant case sufficiently alleges numerous acts against Plaintiffs specifically and significant other acts with same or similar participants and methods of commission in the Bar Louie veto and significant representations made to Plaintiff and others similarly situated including at a Real Estate Conference in Las Vegas. Plaintiffs allegations in ¶¶ 61 and 62 specifically plead predicate acts on two (2) separate occasions that sufficiently state the who, what, when, and where elements of *Paycom Billing*. The Plaintiff's allegations in ¶58 regarding the use of the mails to facilitate the underlying SBA Loan supports another predicate act. The mailings and wire communications need not be fraudulent in and of themselves. Innocuous or "innocent" mailings and wirings are sufficient RICO predicates as long as they further a fraudulent scheme as supported by *Dana Corp. v. Blue Cross & Blue Shield Mut. of No. Ohio*, 900 F.2d 882, 886 (6th Cir. 1990) ; *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1330 (7th Cir. 1994); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 918 (8th Cir. 2001).

To prove extortion under the Hobbs Act, the Court held that a plaintiff must show that the defendant actually obtained or sought to obtain property through wrongful means. *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003). *Id.*, 537 U.S. at 407. *Accord Sckhar v. United States*, 133 S. Ct. 2720 (2013). In the instant case it is alleged that Defendant Hayward was awarded outside construction contracts and other monetary kickbacks for his support as the Executive Director of the DDA to further Eyde's agenda of stifling development at the Heights so that he could develop his outlots and further his interest and influence in the public project. The Hobbs Act violations are appropriately alleged as RICO predicate acts.

In regard to the Illegal Delegation of Duty claim in Count I Plaintiff has demonstrated a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself by giving Eyde and Eastwood absolute veto power over the Heights Project in all pertinent respects.

Defendant's Request also disregards all the fraudulent representations that were made during the course of negotiating the underlying lease and after execution as alleged. As specifically alleged Eyde's unilateral veto of the Bar Louie Agreement, prior even to the enactment of the Joint Venture Agreement, provides the utmost factual support to the RICO claim. The numerous veto's of other businesses, including a Mexican Restaurant, further substantiates the conduct necessary to substantiate a claim under RICO. Factual allegations

Page 3 of 7

supporting the RICO cause of action were appropriately pled in delayed contract negotiations and construction projects through Defendant's efforts to reduce the amount of people drawn to the area of the Heights at the same time developing the lots outside of the Heights, specifically Bostons, that belonged to Eyde.  Additionally, and most egregious is the fraudulent accounting and concealment underlying the Heights, which was a federally bonded project, as evidenced by the sufficient shortfall that necessitated creative accounting with Eyde covering the losses on the projects in anticipation of more favorable treatment as a private investor in this public project.  The facts as plead lead to the conclusion that numerous additional allegations are likely to be uncovered through appropriate discovery.

Plaintiff has adequately shown an injury to its business as it has seen all of its investment in the business dissipated and is currently financially responsible for the loan for a significant amount of the improvements made to the property as supported by *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) (economic injury from interference with business and property damage). See also *Isaak v. Trumbull Sav. & Loan Co.*, 169 F.3d 390, 396-97 (6th Cir. 1999) (concluding that plaintiffs had standing to bring RICO action when camping resorts filed for bankruptcy, because "bust-out" scheme to defraud buyers was complete by the final fraudulent act of placing the property into bankruptcy).

Plaintiff reserves a broader analysis of the Land Sales Act and Anti-Trust claims after being given an opportunity for Discovery.

The onerous nature of the covenant reserving all rights to the landlord is further proof of the unilateral nature and intent of Hayward and Eyde to control and manipulate the development at the Heights.  This covenant acting alone may provide a defense.  However, it is apparent that Defendants did not have the interest of dealing in good faith because although they promised additional tenants the unilateral veto of businesses surrounding Plaintiff was without any commercially accepted reason.  This is most apparent in the Bar Louie lease that was anticipated at the time of execution of Mimi's underlying lease and unilaterally vetoed by Eyde after the inception of Mimi's lease with him offering Bar Louie the opportunity to lease property on his outlots.  This provision shows more of the Defendant's intent to control than Plaintiff being unreasonable in expecting the Defendant's to follow through on the representations made.

                       Respectfully submitted,



Page **4** of 7

Dated: June 7, 2018

/s/Jacob A. Perrone
BY: JACOB A. PERRONE (P71915)
PERRONE LAW, P.C.
Attorney for Plaintiff

## *IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN*

**SOUTHERN DIVISION**

_____

**MIMI'S SWEET SHOP, INC. ®,**

    **Plaintiffs,**

vs.

**CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY,**
**STEVEN M. HAYWARD,**
**MICHAEL G. EYDE,**
**EASTWOOD, LLC,**
**TOWNEAST, LLC,**
**TOWNEAST PARKING LLC,**

    **Defendants.**

*DOCKET NO. 1:18-CV-00337-JTN*
*HON. JANET T. NEFF*

_____/

| | |
|---|---|
| *PERRONE LAW, P.C.*<br>Jacob A. Perrone (Mich Bar No. 71915)<br>*Attorney for Plaintiff*<br>221 W. Lake Lansing Rd. Ste. 200<br>East Lansing, MI 48823<br>(517) 351-0332<br>jacob@perronelawpc.com | Craig R. Noland (P30717)<br>Amanda M. Zdarsky (P81443)<br>Attorneys for Defendant Hayward<br>300 Ottawa Avenue, N.W., Suite 820<br>Grand Rapids, MI 49503<br>(616)288-3700/Fax (616) 214-7712<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com |
| Michael F. Matheson (P52997)<br>MATTHESON LAW FIRM<br>Attorneys for Defendants Eyde, Eastwood LLC, Towneast LLC, and Towneast Parking LLC<br>200 Woodland Pass, Suite F<br>East Lansing, MI 48823<br>(517) 993-6699<br>michael@mathesonlawfirm.com | Thomas R. Meagher (P32959)<br>FOSTER SWIFT COLLINS & SMITH PC<br>Attorneys for Defendant Charter Township of Lansing Downtown Development Authority<br>313 Washington Square<br>Lansing, MI 48933<br>(517) 371-8100<br>tmeagher@fosterswift.com |

_____

### CERTIFICATE OF SERVICE

    I hereby certify that on June 7, 2018, I electronically filed the following documents with the Clerk of the Court using the ECF system:



Page **6** of **7**

**PLAINTIFF'S RESPONSE TO DEFENDANT TOWNEAST, LLC, TOWNEAST PARKING, LLC AND MICHAEL G. EYDE'S REQUEST FOR PRE-MOTION CONFERENCE**

Dated:  June 7, 2018

/s/Jacob A. Perrone
BY: JACOB A. PERRONE (P71915)
PERRONE LAW, P.C.
Attorney for Plaintiff

Perrone Law, P.C. § 221 West Lake Lansing Road, Suite 200, East Lansing, Michigan 48823 § Phone. 517.351.0332 § Fax. 517.913.6287 § jacob@perronelawpc.com

Page **7** of **7**