# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MIMI'S SWEET SHOP, INC. ®,**

    **Plaintiffs,**

vs.

**CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY,**
**STEVEN M. HAYWARD,**
**MICHAEL G. EYDE,**
**EASTWOOD, LLC,**
**TOWNEAST, LLC,**
**TOWNEAST PARKING LLC,**

    **Defendants.**

*DOCKET NO. 1:18-CV-00337-JTN*
*HON. JANET T. NEFF*

_____/

| | |
|---|---|
| *PERRONE LAW, P.C.*<br>Jacob A. Perrone (Mich Bar No. 71915)<br>*Attorney for Plaintiff*<br>221 W. Lake Lansing Rd. Ste. 200<br>East Lansing, MI 48823<br>(517) 351-0332<br>jacob@perronelawpc.com | Craig R. Noland (P30717)<br>Amanda M. Zdarsky (P81443)<br>Attorneys for Defendant Hayward<br>300 Ottawa Avenue, N.W., Suite 820<br>Grand Rapids, MI 49503<br>(616)288-3700/Fax (616) 214-7712<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com |
| Michael F. Matheson (P52997)<br>MATTHESON LAW FIRM<br>Attorneys for Defendants Eyde, Eastwood LLC, Towneast LLC, and Towneast Parking LLC<br>200 Woodland Pass, Suite F<br>East Lansing, MI 48823<br>(517) 993-6699<br>michael@mathesonlawfirm.com | Thomas R. Meagher (P32959)<br>FOSTER SWIFT COLLINS & SMITH PC<br>Attorneys for Defendant Charter Township of Lansing Downtown Development Authority<br>313 Washington Square<br>Lansing, MI 48933<br>(517) 371-8100<br>tmeagher@fosterswift.com |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANT HAYWARD'S PRE-MOTION CONFERENCE REQUEST



**WHEREFORE,** Plaintiff, Mimi's Sweet Shop, by and through their attorney Perrone Law, PC and Jacob A. Perrone, hereby submit this Response to Request for Pre-motion Conference.

Plaintiff requests that this Honorable Court decline to allow Defendant's to file a 12(b)(6) motion as premature. Plaintiff has already been contacted by other potential litigants and appropriate Discovery will more than likely lead to additional parties and additional individual defendants. Further, the Amended Complaint alleges sufficient facts to merit a RICO claim for the reasons stated resulting from the predicate acts appropriately alleged.

Plaintiff's claims alleging violations of federal criminal statutes provide the requisite "Pattern of Racketeering Activity", an issue that federal courts have struggled to define although the cases cited by the Defendant do not account for the substantial factual allegations contained in the Amended Complaint. "[A] concrete definition or precisely what activity will constitute a 'pattern' for purposes of the RICO statute has eluded the federal courts." *U.S. Textiles, Inc. v. Anheuser-Busch Cos.*, 911 F.2d 1261, 1266 (7th Cir. 1990) In *Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir. 1986) the Seventh Circuit identified six factors for courts to weigh in determining whether a complaint adequately alleges a pattern of unlawful conduct: (1) the number of predicate acts; (2) the variety of predicate acts; (3) the length of time over which the predicate acts were committed; (4) the number of victims; (5) the existence of separate schemes; and (6) the occurrence of distinct injuries. This approach was later adopted by the Sixth Circuit Court of Appeals in *Fleischhauer v. Feltner*, 879 F.2d 1290, 1297-98 (6th Cir. 1989). Plaintiff reserves a broader analysis of the pattern of unlawful conduct to a Motion for Summary Disposition after being given an opportunity for Discovery.

While Hayward cannot be included from a privity of contract he can be held liable for the RICO claims and intentional interference with contractual relations.

Defendant's argument that Hayward gave preference to other Eyde-Controlled business is the quid-pro-quo underlying the claims in this matter as it is alleged he received compensation from Eyde for this favorable treatment. While Defendant's argument that the Complaint does not represent closed ended continuity it is specifically alleged as it pertained to Plaintiff that the numerous acts alleged occurred between September 23, 2014 and March 1, 2018. It is anticipated that through appropriate discovery it is likely that additional parties and additional acts will necessitate amendment of the Complaint to allege a broader time period as



was also alleged in Count 8 with Defendants conduct originating in 2011. Further, In *J.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229 at 242 (1989) the Court stated that a Plaintiff could show an open-ended scheme by alleging circumstances indicating that the predicate acts are part of the offender's regular way of conducting business. That is clearly the case here as Hayward was affording control of the DDA to Eyde at least as early as 2011 setting the foundation for this litigation. Haywards maintaining his conflicted role as an independent contractor of Eyde and Executive Director of the DDA is a threat for continued self-dealing by both Hayward and Eyde and supports the type of open-ended continuity contemplated by *Heinman v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, at 410-411 (holding that "the threat of continuity of must be viewed at the tie the racketeering activity occurred" and that "the lack of a threat of continuity of racketeering activity cannot be asserted by showing a fortuitous interruption of that activity such as by an arrest, indictment or guilty verdict).

Plaintiffs allegations in ¶¶ 61 and 62 specifically plead predicate acts on two (2) separate occasions that sufficiently state the who, what, when, and where elements of *Paycom Billing*. Further, it is alleged that Hayward was acting at the direction of Eyde and Eastwood. The Plaintiff's allegations in ¶58 regarding the use of the mails to facilitate the underlying SBA Loan supports another predicate act. The Amended Complaint in the instant case sufficiently alleges numerous acts against Plaintiffs specifically and significant other acts with same or similar participants and methods of commission in the Bar Louie veto and significant representations made to Plaintiff and others similarly situated including at a Real Estate Conference in Las Vegas. The mailings and wire communications need not be fraudulent in and of themselves. Innocuous or "innocent" mailings and wirings are sufficient RICO predicates as long as they further a fraudulent scheme as supported by *Dana Corp. v. Blue Cross & Blue Shield Mut. of No. Ohio*, 900 F.2d 882, 886 (6th Cir. 1990); *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1330 (7th Cir. 1994); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 918 (8th Cir. 2001).

To prove extortion under the Hobbs Act, the Court held that a plaintiff must show that the defendant actually obtained or sought to obtain property through wrongful means. *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003). *Id.*, 537 U.S. at 407. *Accord Sckhar v. United States*, 133 S. Ct. 2720 (2013). In the instant case it is alleged that Defendant Hayward was awarded outside construction contracts and other monetary kickbacks for his

support as the Executive Director of the DDA to further Eyde's agenda of stifling development at the Heights so that he could develop his outlots. The Hobbs Act violations are appropriately alleged as RICO predicate acts.

In regard to the Illegal Delegation of Duty claim in Count I Plaintiff has demonstrated a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself by giving Eyde and Eastwood absolute veto power over the Heights Project in all pertinent respects.

Defendant's Request also disregards all the fraudulent representations that were made during the course of negotiating the underlying lease and after execution as alleged. As specifically alleged Eyde's unilateral veto of the Bar Louie Agreement with the assistance of Hayward, prior even to the enactment of the Joint Venture Agreement, provides the utmost factual support to the RICO claim. The numerous veto's of other businesses, including a Mexican Restaurant, further substantiates the conduct necessary to substantiate a claim under RICO. Factual allegations supporting the RICO cause of action were appropriately pled in delayed contract negotiations and construction through Defendant's efforts to reduce the amount of people drawn to the area of the Heights at the same time developing the lots outside of the Heights, specifically Bostons, that belonged to Eyde. Additionally, and most egregious is the fraudulent accounting and concealment underlying the Heights, which was a federally bonded project, as evidenced by the sufficient shortfall that necessitated creative accounting with Eyde covering the losses on the projects in anticipation of more favorable treatment as a private investor in this public project. The facts as plead lead to the conclusion that numerous additional allegations are likely to be uncovered through appropriate discovery.

Plaintiff has adequately shown an injury to its business as it has seen all of its investment in the business dissipated and is financially responsible the loan that contributed substantial improvements to the property as supported by *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) (economic injury from interference with business and property damage). See also *Isaak v. Trumbull Sav. & Loan Co.*, 169 F.3d 390, 396-97 (6th Cir. 1999) (concluding that plaintiffs had standing to bring RICO action when camping resorts filed for bankruptcy, because "bust-out" scheme to defraud buyers was complete by the final fraudulent act of placing the property into bankruptcy).

<div style="text-align: right;">Respectfully submitted,</div>



Dated: June 7, 2018

/s/Jacob A. Perrone
BY: JACOB A. PERRONE (P71915)
PERRONE LAW, P.C.
Attorney for Plaintiff

Perrone Law, P.C. § 221 West Lake Lansing Road, Suite 200, East Lansing, Michigan 48823 § Phone. 517.351.0332 § Fax. 517.913.6287 § jacob@perronelawpc.com

Page **5** of **7**

Case 1:18-cv-00337-JTN-ESC   ECF No. 36 filed 06/07/18   PageID.183   Page 6 of 7

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

**MIMI'S SWEET SHOP, INC. ®,**

    **Plaintiffs,**

VS.

**CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY,**
**STEVEN M. HAYWARD,**
**MICHAEL G. EYDE,**
**EASTWOOD, LLC,**
**TOWNEAST, LLC,**
**TOWNEAST PARKING LLC,**

    **Defendants.**

_____/

*DOCKET NO. 1:18-CV-00337-JTN*
*HON. JANET T. NEFF*

| | |
|---|---|
| *PERRONE LAW, P.C.*<br>Jacob A. Perrone (Mich Bar No. 71915)<br>*Attorney for Plaintiff*<br>221 W. Lake Lansing Rd. Ste. 200<br>East Lansing, MI 48823<br>(517) 351-0332<br>jacob@perronelawpc.com | Craig R. Noland (P30717)<br>Amanda M. Zdarsky (P81443)<br>Attorneys for Defendant Hayward<br>300 Ottawa Avenue, N.W., Suite 820<br>Grand Rapids, MI 49503<br>(616)288-3700/Fax (616) 214-7712<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com |
| Michael F. Matheson (P52997)<br>MATTHESON LAW FIRM<br>Attorneys for Defendants Eyde, Eastwood LLC, Towneast LLC, and Towneast Parking LLC<br>200 Woodland Pass, Suite F<br>East Lansing, MI 48823<br>(517) 993-6699<br>michael@mathesonlawfirm.com | Thomas R. Meagher (P32959)<br>FOSTER SWIFT COLLINS & SMITH PC<br>Attorneys for Defendant Charter Township of Lansing Downtown Development Authority<br>313 Washington Square<br>Lansing, MI 48933<br>(517) 371-8100<br>tmeagher@fosterswift.com |

_____

## CERTIFICATE OF SERVICE

    I hereby certify that on June 7, 2018, I electronically filed the following documents with the Clerk of the Court using the ECF system:



Page **6** of **7**

**PLAINTIFF'S RESPONSE TO DEFENDANT HAYWARD'S PRE-MOTION
CONFERENCE REQUEST**

Dated:  June 7, 2018

/s/Jacob A. Perrone
BY: JACOB A. PERRONE (P71915)
PERRONE LAW, P.C.
Attorney for Plaintiff

