UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIMI'S SWEET SHOP, INC., ®              Case No.: 1:18-cv-00337-JTN

      Plaintiff,                            Honorable Janet T. Neff

v.

CHARTER TOWNSHIP OF LANSING
DOWNTOWN DEVELOPMENT
AUTHORITY, STEVEN L. HAYWARD,
MICHAEL G. EYDE, EASTWOOD, LLC,
TOWNEAST, LLC, TOWNEAST PARKING,
LLC.,

      Defendants.
_____/

| | |
|---|---|
| Jacob A. Perrone (P71915)<br>PERRONE LAW, P.C.<br>Attorneys for Plaintiff<br>221 W. Lake Lansing Road, Ste. 200<br>East Lansing, MI 48823<br>(517) 351-0332<br>jacob@perronelawpc.com | Craig R. Noland (P30717)<br>Amanda M. Zdarsky (P81443)<br>McGRAW MORRIS P.C.<br>Attorneys for Defendant Hayward<br>300 Ottawa Avenue, N.W., Suite 820<br>Grand Rapids, MI 49503<br>(616) 288-3700/Fax (616) 214-7712<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com |
| Michael F. Matheson (P52997)<br>MATHESON LAW FIRM<br>Attorneys for Defendants Eyde, Eastwood,<br>  LLC, Towneast LLC, and Towneast<br>  Parking LLC<br>200 WOODLAND PASS, SUITE F<br>East Lansing, MI 48823<br>(517) 993-6699<br>michael@mathesonlawfirm.com | Thomas R. Meagher (P32959)<br>FOSTER SWIFT COLLINS & SMITH PC<br>Attorneys for Defendant Charter Township of<br> Lansing Downtown Development Authority<br>313 Washington Square<br>Lansing, MI 48933<br>(517) 371-8100<br>tmeagher@fosterswift.com |

**SECOND PRE-MOTION CONFERENCE REQUEST OF DEFENDANT HAYWARD**

**I.     INTRODUCTION**

On August 13, 2018, this Court held a Pre-Motion Conference to discuss Defendants' proposed dispositive motions. ECF No. 39. At that Conference, this Court recognized the issues raised by Defendants after reviewing Plaintiff's "unnecessarily complex" Complaint and ordered that Plaintiff amend the Complaint consistent with the discussions at the Pre-Motion Conference. ECF 39; ECF 42. Any amendment was to include an indication of which Defendant is named in which count, an overall re-assessment of the federal claims, and a re-casting to avoid multi-sentence allegations. ECF No. 39. Ultimately, Plaintiff was directed to make the claims "understandable, not only to the defendants but to the judge as well." ECF 42, Page ID 273-74. Plaintiff made no effort to comply with the letter or the spirit of this Court's Order.

At the eleventh hour, Plaintiff filed a Second Amended Complaint nearly identical to the previous in both form and substance. While Plaintiff removed two counts which Plaintiff admitted were baseless, Plaintiff simply rearranged the remaining and added three new frivolous claims; Plaintiff did not re-assess or re-cast the federal claims as instructed. The Second Amended Complaint continues to present narrative allegations and an array of confusing "counts," making it difficult for Defendant Hayward to decipher what is being claimed and what is directed at him.

Accordingly, Defendant Hayward requests a second pre-motion conference so that he may be permitted to file his motion to dismiss this action in its entirety. To avoid additional unnecessary time and expense, Defendant Hayward addresses only the new claims; any claims and allegations remaining from the Amended Complaint continue to suffer from the deficiencies outlined in Defendant Hayward's first Pre-Motion Conference Request, ECF 27.

**II.    PLAINTIFF FAILS TO STATE A RICO CLAIM IN COUNTS 2, 3 AND 6.**

Newly-added Count 2 alleges "Financial Institution Fraud"; however, Plaintiff—which is not a financial institution—does not have standing to assert such a claim. *See Am. Biocare, Inc. v*

*Howard & Howard Attorneys, PLLC*, 2016 WL 5661583, at *8 (E.D. Mich Sept. 30, 2016), *aff'd,* 702 F. App'x 416 (6th Cir. 2017). There are also no facts to support the same.

Count 3 does not demonstrate a violation of the Hobbs Act, 18 U.S.C. § 1951. There are no well-pled factual allegations to support the conclusion that "[u]pon information, knowledge and belief Hayward received compensation from Eyde to require the construction contracts go to Eyde's contractors," let alone money that "he was not entitled, knowing that the payment was made in return for official acts," *United States v Kelley,* 461 F.3d 817, 826 (6th Cir. 2006).

The allegations in Count 6 bear no resemblance to acts of money laundering, nor are they supported by factual allegations anywhere in the Second Amended Complaint.

It remains that, with these allegations as well, Plaintiff cannot demonstrate a *pattern* of racketeering activity under either closed- or open-ended continuity.

### III.   PLAINTIFF FAILS TO STATE ANY FEDERAL CLAIM OUTSIDE OF RICO.

As with the claims set forth in the Amended Complaint, there is no private right of action for bank fraud or money laundering, criminal violations.

### IV.   THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER OR ABSTAIN FROM HEARING PLAINTIFF'S STATE LAW CLAIMS.

Plaintiff's Brief in Support of Supplemental Jurisdiction fails to present "persuasive reasoning" to depart from this Court's initial inclination to decline supplemental jurisdiction per this Court's Order. ECF No. 39. For the same reasons previously set forth, this Court should dismiss or abstain from hearing Plaintiff's state law claims.

### V.   ALTERNATIVELY, THERE IS NO CAUSE OF ACTION FOR "ILLEGAL DELEGATION OF AUTHORITY" AGAINST HAYWARD OR OTHERWISE.

Michigan law does not recognize a cause of action for "illegal delegation of authority." Even assuming a claim existed, Defendant Hayward's only possible action would be in connection

2

to his role as the Executive Director of the DDA, for which he would have absolute immunity. MCL 6912.1407(5); *Petipren v Jaskowski*, 494 Mich 190, 212, 833 NW2d 247, 259 (2013).

## VI. PLAINTIFF CANNOT STATE A CONTRACT CLAIM AGAINST HAYWARD.

Plaintiff cannot state any contractual claim a claim against Defendant Hayward as he is not a party to the contract between the Plaintiff and the DDA.

## VII. PLAINTIFF CANNOT STATE ANY STATE LAW CLAIM AGAINST HAYWARD.

The Second Amended Complaint makes clear that, unless otherwise specified, claims against Defendant Hayward are against him "in his capacity as a Public Official, acting on behalf of the DDA." ECF No. 40, ¶6. Under Michigan law, Hayward is entitled to absolute immunity. MCL 6912.1407(5); *Petipren*, 494 Mich at 212.

## VIII. CONCLUSION

For the reasons stated and as previously set forth in his original Pre-Motion Conference Request, Defendant Hayward requests permission to file his Motion to Dismiss.

Respectfully submitted,

McGRAW MORRIS, P.C.
Attorneys for Defendant Hayward

Dated: September 26, 2018      BY:     *s/     Craig R. Noland*
Craig R. Noland (P30717)
Amanda M. Zdarsky (P81443)
300 Ottawa Avenue, N.W., Ste. 820
Grand Rapids, MI 49503
Phone: (616) 288-3800
cnoland@mcgrawmorris.com
azdarsky@mcgrawmorris.com

3