UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MIMI'S SWEET SHOP, INC. ®,

    Plaintiff,

v.

CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY, STEVEN M. HAYWARD, MICHAEL G. EYDE, EASTWOOD LLC, TOWNEAST LLC, TOWNEAST PARKING LLC,

    Defendants.

Case No:  1:18-cv-000337-JTN-ESC

Hon. Janet T. Neff,
District Court Judge

**DEFENDANT CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY'S PRE-MOTION CONFERENCE REQUEST FOR ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) and 41(b)**
**\*Oral Argument Requested\***

---

Jacob A. Perrone (P71915)
PERONNE LAW, P.C.
Attorneys for Plaintiff
221 W. Lake Lansing Rd., Ste. 200
East Lansing, MI 48823
(517) 351-0332
jacob@perronelawpc.com

Michael F. Matheson (P52997)
MATHESON LAW FIRM
Attorneys for Defendants Eyde, Eastwood, LLC, Towneast LLC, and Towneast Parking LLC
200 Woodland Pass, Suite F
East Lansing, MI 48823
(517) 993-6699
Michael@mathesonlawfirm.com

Thomas R. Meagher (P32959)
Liza C. Moore (P72240)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendant Charter Township of Lansing Downtown Development Authority
313 S. Washington Square
Lansing, MI  48933
(517) 371-8161
tmeagher@fosterswift.com
lmoore@fosterswift.com

Craig R. Noland (P30717)
Amanda M. Zdarsky (P81443)
MCGRAW MORRIS P.C.
Attorneys for Defendant Hayward
300 Ottawa Ave., N.W., Suite 820
Grand Rapids, MI 49503
(616) 288-3700
cnoland@mcgrawmorris.com
azdarsky@mcgrawmorris.com

**DEFENDANT CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY'S PRE-MOTION CONFERENCE REQUEST FOR ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) and 41(b)**

Defendant Charter Township of Lansing Downtown Development Authority ("the DDA") submits its Pre-Motion Conference Request for its Motion to Dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) and 41(b) and states as follows:

1. Plaintiff's Second Amended Complaint does not comply with the Court's Order, which required Plaintiff to indicate which Defendant is named in which count, to re-assess its federal claims, and to re-cast the federal claims to avoid multi-sentence allegations. (Dk. 39, PageID.188).

2. Numerous paragraphs still contain multiple sentences. (See, e.g., Dk. 40, ¶¶ 13-39, 42, 47-48, 53-59, 70, 73, 76, 79, 87-89). And although Plaintiff removed its Sherman Anti-Trust and Interstate Land Sales claims, as well as a passing reference/claim under the United States Constitution, Plaintiff continues to make numerous federal claims, including new claims of "Financial Institution Fraud Small Business Administration Loan" and "Hobbs Act Soft Construction Costs." (Dk. 40, ¶¶ 65-68, 75-77). As discussed below, Plaintiff's federal claims still fail as a matter of law.

3. Plaintiff's Second Amended Complaint contains twelve separate counts. (Dk. 40, Amended Complaint, ¶¶ 40-104). Plaintiff alleges that that counts one through seven are Racketeer Influenced and Corrupt Organizations Act ("RICO") counts. (Dk. 40, heading above paragraph 40, ¶¶ 40-43). However, counts one through six allege that Defendants violated various federal criminal statutes. (Dk. 40, ¶¶ 44-77). Counts seven and nine cite RICO. (Dk. 40, ¶¶ 78-81, 86-90).

4. Plaintiff's RICO claims against the DDA still fail as a matter of law because "a municipal corporation cannot form the requisite criminal intent and cannot be held liable under

the civil RICO laws." *County of Oakland by Kuhn v. City of Detroit*, 784 F. Supp. 1275, 1283 (E.D. Mich. 1992) (dismissing RICO claims against the defendant city).

5.   Plaintiff's RICO claims also still fail as a matter of law because Plaintiff did not plead the elements of a RICO claim. "[T]o state a RICO claim, [Plaintiff] must plead the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (affirming dismissal of RICO claim) (quotation omitted). "In order to establish 'racketeering activity' the plaintiffs must allege a predicate act". *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (affirming dismissal of RICO claims) (quotation omitted). Predicate acts of fraud must be pled with particularity to satisfy Fed. R. Civ. P. 9(b), including, at a minimum, the time, place, and content of the alleged misrepresentations. *Id*. at 322.

6.   Plaintiff's passing reference to 18 U.S.C. § 1346 in the first paragraph of the Second Amended Complaint cannot serve as a predicate act under RICO because it is not listed in 18 U.S.C. § 1961(1). (Dk. 40, ¶ 1). Even Plaintiff's allegations under statutes that are listed in 18 U.S.C. § 1961(1) are insufficient as a matter of law.

7.   Plaintiff has not satisfied the pleading requirements of Fed. R. Civ. P. 9(b) with respect to its attempts to state predicate acts, and has not pled a "pattern of racketeering activity" as required by 18 U.S.C. § 1961(5). Plaintiff will be unable to show injury to its "business or property by reason of a violation of section 1962", a statutory prerequisite to a RICO action. 18 U.S.C. § 1964(c).

8.   All of Plaintiff's claims alleging violations of federal criminal statutes (counts one through six) fail as a matter of law because these federal criminal statutes do not give Plaintiff a private cause of action. See, e.g., *Moralez v. Moore*, No. 17-10567, 2018 U.S. Dist. LEXIS

2

46208, *12-13 (E.D. Mich. Mar. 21, 2018) (unpublished) (dismissing claims under 18 U.S.C. § 1951); *Deasy v. Louisville & Jefferson County Metro. Sewer Dist*., 47 Fed. Appx. 726, 728 (6th Cir. 2002) (unpublished) ("Mail fraud is a criminal offense for which there is no private right of action."). Also, the DDA cannot have the criminal intent to be held liable.

9. Counts eight, ten, eleven, and twelve allege only state law claims. (Dk. 40, ¶¶ 82-85, 91-104). The Court should decline to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c). "[T]here is a strong presumption in favor of dismissing supplemental state claims after dismissal of the federal claim that conferred jurisdiction." *Paycom Billing Servs. v. Payment Res. Int'l*, 212 F. Supp. 2d 732, 742 (W.D. Mich. 2002) (dismissing claims).

10. Per the Court's order to propose a briefing schedule (Dk. 39), the DDA proposes that the Court allow the DDA to file its motion within thirty (30) days after the Pre-Motion Conference hearing, Plaintiff to file its response within twenty-eight (28) days after service of the motion, and the DDA to file its reply within fourteen (14) days after service of the response.

WHEREFORE, Defendant Charter Township of Lansing Downtown Development Authority requests that this Honorable Court schedule a Pre-Motion Conference and set a briefing schedule for this Defendant's motion to dismiss.

          Respectfully submitted,

          FOSTER, SWIFT, COLLINS & SMITH, P.C.
          Attorneys for Defendant Charter Township of Lansing
          Downtown Development Authority

Dated: September 26, 2018    By:   /s/ Thomas R. Meagher
                                        Thomas R. Meagher (P32959)
                                        Liza C. Moore (P72240)
                                        313 S. Washington Square
                                        Lansing, MI 48933
                                        (517) 371-8161
                                        tmeagher@fosterswift.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MIMI'S SWEET SHOP, INC. ®,<br><br>　　Plaintiff,<br><br>v.<br><br>CHARTER TOWNSHIP OF LANSING DOWNTOWN DEVELOPMENT AUTHORITY, STEVEN M. HAYWARD, MICHAEL G. EYDE, EASTWOOD LLC, TOWNEAST LLC, TOWNEAST PARKING LLC,<br><br>　　Defendants. | Case No: 1:18-cv-000337-JTN-ESC<br><br>Hon. Janet T. Neff,<br>District Court Judge<br><br>**CERTIFICATE OF SERVICE** |

---

Jacob A. Perrone (P71915)
PERONNE LAW, P.C.
Attorneys for Plaintiff
221 W. Lake Lansing Rd., Ste. 200
East Lansing, MI 48823
(517) 351-0332
jacob@perronelawpc.com


Michael F. Matheson (P52997)
MATHESON LAW FIRM
Attorneys for Defendants Eyde, Eastwood, LLC, Towneast LLC, and Towneast Parking LLC
200 Woodland Pass, Suite F
East Lansing, MI 48823
(517) 993-6699
Michael@mathesonlawfirm.com

Thomas R. Meagher (P32959)
Liza C. Moore (P72240)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendant Charter Township of Lansing Downtown Development Authority
313 S. Washington Square
Lansing, MI 48933
(517) 371-8161
tmeagher@fosterswift.com
lmoore@fosterswift.com

Craig R. Noland (P30717)
Amanda M. Zdarsky (P81443)
MCGRAW MORRIS P.C.
Attorneys for Defendant Hayward
300 Ottawa Ave., N.W., Suite 820
Grand Rapids, MI 49503
(616) 288-3700
cnoland@mcgrawmorris.com
azdarsky@mcgrawmorris.com

---

1

I hereby certify that on September 26, 2018, I electronically filed the ***Defendant Charter Township of Lansing Downtown Development Authority's Pre-Motion Conference Request for Its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and 41(b)*** with the Clerk of the Court using the ECF system.

By:    /s/ Thomas R. Meagher
Thomas R. Meagher (P32959)
Liza C. Moore (P72240)
Foster, Swift, Collins & Smith, P.C.
313 S. Washington Square
Lansing, MI 48933-2193
(517) 371-8161
tmeagher@fostersift.com

14107:00357:3849607-1

2