U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

MIMI'S SWEET SHOP, INC.,

    Plaintiff,

v

CHARTER TOWNSHIP OF LANSING
DOWNTOWN DEVELOPMENT AUTHORITY;
STEVEN L. HAYWARD; MICHAEL G. EYDE;
EASTWOOD, LLC; TOWNEAST, LLC; and
TOWNEAST PARKING, LLC,

    Defendants.
_____/

Case No. 1:18-CV-337-JTN-ESC
Hon. Janet T. Neff

| | |
|---|---|
| Jacob A. Perrone (P71915)<br>Perrone Law, P.C.<br>Attorneys for Plaintiff<br>221 W. Lake Lansing Road, Suite 200<br>East Lansing, MI 48823<br>(517) 351-0332<br>jacob@perronelawpc.com | Craig R. Noland (P30717)<br>Amanda M. Zdarsky (P81443)<br>McGraw Morris P.C.<br>Attorneys for Steven L. Hayward<br>300 Ottawa Ave. N.W., Suite 820<br>Grand Rapids, MI 49503<br>(616) 288-3700<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com |
| Michael F. Matheson (P52997)<br>Matheson Law Firm<br>Attorneys for Towneast, LLC,<br>Towneast Parking, LLC, Eastwood, LLC<br>and Michael G. Eyde<br>200 Woodland Pass, Suite F<br>East Lansing, MI 48823<br>(517) 993-6699<br>michael@mathesonlawfirm.com | Thomas R. Meagher (P32959)<br>Foster Swift Collins & Smith PC<br>Attorneys for Charter Township of<br>Lansing Downtown Development<br>Authority<br>313 Washington Square<br>Lansing, MI 48933<br>(517) 371-8100<br>tmeagher@fosterswift.com |

_____/

**TOWNEAST, LLC, TOWNEAST PARKING, LLC, EASTWOOD, LLC AND
<u>MICHAEL G. EYDE'S REQUEST FOR SECOND PRE-MOTION CONFERENCE</u>**

This Court's instructions to Plaintiff, Mimi's Sweet Shop, Inc. ("Plaintiff") were clear — reassess the merits of the federal claims, assign the alleged wrongdoing to a specific defendant and eliminate the multiple allegations within single enumerated paragraphs. Plaintiff failed in each of these regards with its Second Amended Complaint (PageID.189). Defendants, Towneast, LLC and Towneast Parking, LLC (collectively "Towneast"), Eastwood, LLC ("Eastwood") and Michael G. Eyde ("Michael Eyde"), in accordance with this Court's Civil Practice Guideline IV(A)(1)(b), hereby request a Second Pre-Motion Conference or, alternatively, a briefing schedule for Fed. R. Civ. P. 12(b)(6) motions[1].

In an apparent disregard of this Court's August 14, 2018 Order (PageID.187), the Second Amended Complaint remains riddled with multi-sentence paragraphs and allegations not against individual defendants, but defendants collectively. The Second Amended Complaint also fails to correct the pleading defects in the RICO claim (18 U.S.C. § 1961, *et seq*.). In addition to failing to cure those defects, Plaintiff has added new "Counts" that are as equally flawed as those found in the First Amended Complaint.

It is abundantly clear that wire and mail fraud and Hobbs Act "Counts" are not private causes of actions, as Plaintiff alleges in its Second Amended Complaint. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178-79 (6th Cir. 1979); *Stanard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408-09 (8th Cir. 1999). Furthermore, to properly claim acts of extortion under the Hobbs Act, as a predicate act to a civil RICO claim, a plaintiff must allege facts and circumstances that show (1) the defendants obtained the plaintiff's property (2) through the wrongful use of (3) threats or fear of physical or economic harm. *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393 (6th Cir. 2012). Here, the Hobbs Act "Counts" do not contain any discernable

---

[1] Due to the similarity of issues raised in Plaintiff's First Amended Complaint (PageID.26) and Plaintiff's Second Amended Complaint (PageID.189), and to avoid duplication, while adhering to the limits imposed on the length of a pre-motion conference request, Towneast, Eastwood and Michael Eyde ask that their Request for Pre-Motion Conference (PageID.144) be considered by this Court in either scheduling another pre-motion conference or establishing a briefing schedule for Fed. R. Civ. P. 12(b)(6) motions.

1

allegations that Towneast, Eastwood or Michael Eyde obtained Plaintiff's property through threats of physical or economic harm.

Additionally, Plaintiff raised a new count in its Second Amended Complaint under 18 U.S.C. § 1344, Financial Institution Fraud. Not only is this not a proper "Count" to be pled as a separate cause of action, but "only a defrauded financial institution may assert bank fraud as a predicate act for a federal RICO claim." *American Biocare, Inc. v. Howard & Howard Attorneys, PLLC, et al.,* Case No. 14-cv-14464 (E. D. Mich. Sept. 30, 2016). Plainly, Plaintiff is not a financial institution and lacks standing to bring the claim.

Plaintiff's Count 6, Money Laundering, which relies upon a single numbered paragraph for the purported supporting allegations, is equally unavailing (PageID.205, ¶76). Not only is money laundering not a private cause of action, the meager allegations set forth in the Count are conclusory and fail to allege, or make any showing, that any funds diverted from the project, and used for a so-called "internet marketing contract," were the result of unlawful activity. The elements of money laundering are: (1) use of funds that are proceeds of unlawful activity; (2) knowledge that the funds are proceeds of unlawful activity; and (3) conducting or attempting to conduct a financial transaction, knowing that the transaction is designed in whole or in part to disguise the nature, location, source, ownership or control of the proceeds. *U.S. v. Prince*, 214 F.3d 740, 747 (6th Cir. 2000). Plaintiff has clearly failed to satisfy its pleading burden on this claim, just as it has with all of the other federal alleged claims in its Second Amended Complaint.

Furthermore, this Court declined in its Order to exercise supplemental jurisdiction over Plaintiff's state law claims "[a]bsent persuasive reasoning to the contrary." (PageID.187). Plaintiff has repeated its state law claims in its Second Amended Complaint but failed to offer any cogent, let alone "persuasive," reasoning for this Court to warrant its exercise of supplemental jurisdiction.

Plaintiff's submission (PageID.251), purporting to provide support for supplemental jurisdiction, is little more than a primer of the general law of supplemental jurisdiction. It

offers no support or persuasive argument that the facts alleged in the Second Amended Complaint, thin as they are, in any way support this Court reversing its initial determination to refrain from exercising supplemental jurisdiction.

To warrant supplemental jurisdiction, the state law claims must be "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Here, Plaintiff's state law contract claims primarily relate to allegations that "Defendants Hayward and the DDA failed to assist and promote the Plaintiff's business at the Heights." (PageID.208, ¶95). Plaintiff's contract claims relate solely to the Lease Agreement, an agreement Plaintiff entered into voluntarily and with eyes wide open. Even a cursory perusal of Plaintiff's Second Amended Complaint shows that the allegations related to the alleged lease violations are almost wholly and separately disjunctive with the separate facts alleged by Plaintiff for its RICO claim.

While the allegations of RICO conspiracy, "money laundering," financial institution fraud and extortionate activities are conclusory and devoid of sufficient, required factual recitations, they also largely deal with acts allegedly committed not against the Plaintiff, but often unspecified third parties. The Court accurately ascertained in its order and preliminary statements that supplemental jurisdiction over the state law claims would be inappropriate.

It is requested that this Court set a date for a second pre-motion conference or, alternatively, set a briefing schedule for Fed. R. Civ. P. 12(b)(6) motions and accompanying requests for sanctions.

Respectfully submitted,

Dated: September 26, 2018

/s/ Michael F. Matheson
Michael F. Matheson (P52997)
Matheson Law Firm
200 Woodland Pass, Suite F
East Lansing, MI 48823
(517) 993-6699
Attorneys for Towneast, Eastwood and Michael Eyde

3